**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Leonard L. Kenney

   v.                                                        Civil No. 06-cv-001-PB

Stephen Curry, Commissioner,
New Hampshire Department of
Corrections, et al.[1]

## O R D E R

Leonard Kenney has filed a complaint pursuant to 42 U.S.C. § 1983 alleging that his Eighth Amendment right to be protected from cruel and unusual punishment has been violated by employees at the New Hampshire Department of Corrections ("NHDOC") who have refused to provide him with adequate treatment for his serious medical needs. Because Kenney is a prisoner filing both *pro se* and *in forma pauperis*, the matter is before me for preliminary review to determine, among other things, whether or not Kenney has stated a claim upon which relief may be granted in this Court. See United States District Court for the District of New

---

[1] Kenney names the following additional defendants, all employees of the New Hampshire Department of Corrections, to this action: Robert MacLeod, Medical Director, Dr. Celia Englander, Chief Medical Officer of the New Hampshire State Prison, and Denise M. Heath, Deputy Compact Administrator.

Hampshire Local Rule ("LR") 4.3(d)(2)(A).  For the reasons stated herein, I direct the complaint to be served on the defendants.

## Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action *pro se* and *in forma pauperis*, the magistrate judge is directed to conduct a preliminary review. Id.  In conducting the preliminary review, the Court construes *pro se* pleadings liberally.  See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe *pro se* pleadings liberally in favor of the *pro se* party).  "The policy behind affording *pro se* plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual

averments," not bald assertions, must be accepted as true).  This review ensures that *pro se* pleadings are given fair and meaningful consideration.  See Eveland v. Dir. of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988).

### Background

Leonard Kenney is a New Hampshire inmate who was transferred to the Connecticut Department of Corrections on July 9, 2002 pursuant to the New England Interstate Corrections Compact.  See N.H. Rev. Stat. Ann. ("RSA") 622-A:2, et seq.  Kenney alleges that since April of 2004, he has been suffering from severe symptoms related to Hepatitis C, including liver pain, joint pain, abdominal pain, constant fatigue, and daily sickness.  In June of 2005, Kenney saw an infectious disease specialist in Connecticut, Dr. J. Gittzus, who conducted blood testing and a liver biopsy.  After this testing, Dr. Gittzus advised Kenney that he needs to be treated for his Hepatitis C with Interferon and/or Ribavirin.  Kenney alleges that without appropriate treatment, his Hepatitis C will continue to destroy his liver, causing him increased suffering and possibly even death. Plaintiff alleges that the terms of his interstate transfer allow New Hampshire officials the final decision-making authority on

what medical treatment he receives.  Specifically, Kenney alleges that he sent defendant Stephen Curry letters and grievances explaining his suffering and need for medical treatment on July 12, 2005, August 29, 2005 and November 16, 2005.  Kenney sent defendant Robert MacLeod similar letters and grievances on October 3, 2005, November 1, 2005 and November 22, 2005.  Kenney also sent letters and grievances to defendant Celia Englander, who Kenney alleges was ultimately responsible for decisions regarding his medical treatment.  Plaintiff sent defendant Denise Heath, who is responsible for Interstate Corrections Compact inmates, letters and grievances on August 31, 2005, October 3, 2005, November 1, 2005 and November 22, 2005.  All of plaintiff's letters described his serious disease, severe symptoms, and need for treatment.  Despite having received treatment requests supported by letters from Kenney and recommendations from Dr. Gittzus, New Hampshire authorities refused to approve the requests, making it clear that they would not approve treatment until the disease advances further, destroying more of Kenney's liver.

### Discussion

Kenney's complaint raises two issues for consideration at this time.  First, this Court must consider whether Kenney has stated any claim for inadequate medical care upon which relief may be granted.  If he has, this Court must then consider whether he has sued appropriate individuals in an appropriate forum.  I will address each of these issues in turn.

1. <u>Inadequate Medical Care Claim</u>

To state a cause of action under § 1983 premised on inadequate medical care, a plaintiff must allege facts that demonstrate that the defendants acted with deliberate indifference to his serious medical needs.  <u>Estelle</u>, 429 U.S. at 106; <u>Bean v. Cunningham</u>, 650 F. Supp. 709, 713 (D.N.H. 1986), <u>aff'd</u>, 836 F.2d 1341 (1st Cir. 1987).  Deliberate indifference may be manifested by prison medical personnel in their response to a prisoner's needs or by prison personnel "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed."  <u>Estelle</u>, 429 U.S. at 104-05. As to the second essential element, "[a] medical need is 'serious' if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that

even a lay person would easily recognize the necessity for a doctor's attention." Gaudreault v. Municipality of Salem, 923 F.2d 203, 208 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991). Deprivation of medical care constitutes cruel and unusual punishment under the Eighth Amendment only if the indifference to an inmate's medical needs was reckless or wanton in the criminal law sense, not merely negligent. See Watson v. Caton, 984 F.2d 537, 540 (1st Cir. 1993). In order to allege that the defendants have failed to provide him with constitutionally adequate medical care, therefore, Kenney must allege a "deliberate indifference" to his serious medical needs.

Here, Kenney has adequately described that he has a very serious medical condition, Hepatitis C, and that his severe pain and other symptoms have been identified by an infectious disease specialist as requiring treatment to combat the furthering of the destruction of Kenney's liver. Kenney alleges that despite being made aware of the precise nature of Kenney's condition and his specific treatment needs, the four NHDOC officials responsible for his care: Curry, MacLeod, Englander, and Heath, have refused to approve or provide treatment for him. Thus, Kenney has

alleged that the defendants have acted with deliberate indifference to his serious medical needs.

2.  Choice of Forum

Ordinarily, a prisoner transferred out of state under the Interstate Corrections Compact should look to the officials and courts of the receiving state for relief from unconstitutional conditions of confinement. Rich v. Zitnay, 644 F.2d 41, 42 (1st Cir. 1981). In this case, however, Kenney has specifically alleged that the New Hampshire authorities have retained the right to determine what medical care Kenney can receive. The New England Interstate Corrections Compact directs that any contract for the transfer of a prisoner:

> shall provide for . . . [p]ayments to be made to the receiving state by the sending state for inmate maintenance, extraordinary medical and dental expenses, and any participation in or receipt by inmates of rehabilitative or correctional services, facilities, programs or treatment not reasonably included as part of normal maintenance.

RSA 622-A:2, Art. III(a)(2). While this Court has not yet been provided with a copy of the contract governing Kenney's interstate transfer, liberally construing the complaint, I can reasonably infer that the contract provided for preapproval by New Hampshire authorities of certain extraordinary medical and

7

dental expenses and Kenney's receipt of treatment not provided in the ordinary course of incarceration.  Kenney alleges that the withholding of that approval by the defendants in this case has violated his Eighth Amendment right not to be subjected to cruel and unusual punishment by denying him adequate medical care. Accordingly, in this case, Kenney has chosen the appropriate forum to file this action.

## Conclusion

As I find that plaintiff has stated a claim upon which relief may be granted, I order the complaint (document no. 1) be served on the defendants.  The Clerk's office is directed to serve the New Hampshire Office of the Attorney General (AG), as provided in the Agreement On Acceptance Of Service, copies of this order and the complaint (document no. 1).  See LR 4.3(d)(2)(C).  Within thirty days from receipt of these materials, the AG will submit to the court an Acceptance of Service notice specifying those defendants who have authorized the AG's office to receive service on their behalf.  When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

As to those defendants who do not authorize the AG's office to receive service on their behalf or whom the AG declines to represent, the AG shall, within thirty days from receipt of the aforementioned materials, provide a separate list of the last known addresses of such defendants.  The Clerk's office is instructed to complete service on these individuals by sending to them, by certified mail, return receipt requested, copies of these same documents.

The defendants are instructed to answer or otherwise plead within thirty days of acceptance of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendants by delivering or mailing the materials to them or their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: January 27, 2006

cc:   Leonard L. Kenney, *pro se*